GEORGE SPRADLEY *v.* STATE OF MISSISSIPPI.

1. INSTRUCTIONS.   *Evidence to support.*

An instruction should not be given in the absence of all evidence of which to predicate it.

2. CRIMINAL LAW.   *Assault with intent to kill.   Arrest.*

Where, in the trial of a defendant charged with an assault with intent to kill, it appeared that defendant's sleeping apartment was entered at night by persons seeking to arrest him, and that the assault occurred in an encounter then and there arising from such entry, it was error to instruct the jury for the state that the assaulted person, if he had reason to believe that the defendant had committed a felony, had the right to make the entry and arrest defendant without a warrant, in the absence of all evidence to justify such a belief.

3. SAME.   *Motives in making arrests.   Evidence.*

Where a defendant is indicted for an assault with intent to kill a person who was seeking to arrest him, he should be permitted to inquire into the motives and conduct of such person in seeking to make the arrest.

4. EVIDENCE.   *Thoughts of witnesses.*

The mere thoughts of a witness are not admissible in evidence.

FROM the circuit court of, second district, Chickasaw county. HON. EUGENE O. SYKES, Judge.

Appellant, Spradley, was indicted, tried, and convicted of a felonious assault and battery with intent to kill. The indictment was as follows, leaving off the formal parts: "Geo. Spradley, late of the district and county aforesaid, on the 15th day of April, 1901, with force and arms, in the district and county aforesaid, and within the jurisdiction of this court, in and upon one Frank Brown did unlawfully and feloniously make an assault with a certain deadly weapon, to-wit, a blade of iron known and called a 'grass blade,' or 'scythe blade,' and with said blade of iron did then and there willfully and feloniously strike, cut, and wound the said Frank Brown, with the willful and felonious intent then and there him, the said Frank Brown, to willfully and feloniously, and of his malice aforethought, kill and murder; contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Mississippi." The defendant demurred to this indictment, assigning as cause of demurrer that "the indictment does not charge that an assault was made with a deadly weapon, or other means of force likely to produce death." The demurrer was overruled. The defendant was convicted, and sentenced to the penitentiary, and appealed to the supreme court.

The opinion of the court contains a statement of additional facts.

*T. J. Buchanan* and *L. P. Haley,* for appellant.

The defendant objected to the testimony in regard to Pannell identifying Spradley, because Pannell was not certain that defendant had committed the crime, nor did Pannell attempt to arrest defendant. He could not deputize or authorize Brown to make the arrest. The court would not permit the defendant to ask Brown, or Pannell, or Jones what they did when they got to jail, where the sheriff lived.

Nor would the court permit defendant to ask Brown why he was going to arrest defendant; nor what language was used to the negro porter when they came into the hotel to make the arrest.

Instruction number 2 for the state should not have been given. It states that an officer or private person may arrest any person without warrant, etc., when all the testimony shows that the defendant was informed that they had a warrant for his arrest, and that he demanded to see it. The instruction reads for "any indictable offense," when § 1375, code 1892, reads for "an indictable offense;" substituting the word "any" for "an" at this place makes the instruction too broad and misleading to the jury. It further states, if Brown and others had reason to believe that defendant had committed a felony, does not comply with § 1375, code 1892. The testimony shows that no one but Brown attempted to arrest defendant, and that Brown did not see him commit a felony, nor did he see the negro whom defendant was charged with striking. It further shows that no one but Pannell saw, or claimed that he saw, anyone strike the negro, and that Brown was relying solely on what Pannell told him. Pannell testifies, "I told these boys I thought Spradley had cut a negro; I did not know for certain."

Section 1375, code 1892, is the section under which it is attempted to justify Brown in seeking to arrest Spradley. This section does not apply, because Brown informed the defendant that he had a warrant for his arrest. The above section is "without warrant."

In the latter part of the instruction it charges "with intent to kill and murder," when it should read, "with the felonious intent to kill and murder." We think the omission of the word "felonious" is fatal, because a felonious intent is the very gist of the offense. It is clear from the testimony that the jury based their verdict on this instruction, which is clearly misleading and erroneous.

*Monroe McClurg,* attorney-general, for appellee.

If it should be conceded that Brown was a trespasser, this fact alone did not justify appellant in making a deadly assault upon

him. The limit of his right was to repel force by like force; to eject Brown, not to assail him with a deadly weapon with intent to kill and murder. One who so assaults a trespasser is not justified in his vicious act by the mere fact that the person assaulted was a trespasser. He may defend his castle, or his person therein, with all force necessary to resist or expel him, but certainly not to slay him. When he went beyond the lawful limit, he became the aggressor, and was responsible for the excessive assault and battery.

The indictment specifically and most clearly charges an assault and battery, and, as counsel correctly states, the proof sustains the idea rather than that of a mere assault.

Section 1372 of the code expressly provides that, for crimes and offenses, 'private persons may also make arrests." This they may do by the same authority that authorizes sheriffs and their deputies, constables, conservators, marshals, and policemen to make them. And a private person may make it without warrant, as in this case, provided the person about to be arrested be informed of the object and cause of the arrest. § 1375, code 1892. It is clear that the accused inquired for what he was to be arrested, and was informed. The second instruction for the state correctly informs the jury how to apply the law to the testimony as to this point. There was no direct testimony that the assault upon the negro was a felony, except the information given by Pannell to Brown and Jones, quite sufficient for a reasonable cause to make the arrest, and which fact was corroborated by the action of the accused in not going to his room, but lying down on a pallet in Dahmer's room, and hiding the weapons under the mattress. The word "charge," used in the statute, is not in the sense of an affidavit or indictment, but in the sense of a reasonably well founded accusation. At all events, the jury, by authority of the evidence adduced for the prosecution especially, believed that there was no purpose to undertake an arrest until Knox came, and no attempt

to make it; that appellant prepared himself for and assaulted Brown before any effort was made to arrest him.

Argued orally by *L. P. Haley,* for appellant.

TERRAL, J., delivered the opinion of the court.

George Spradley was indicted in the second circuit court district of Chickasaw county, for a felonious assault and battery upon Frank Brown. He objected to the indictment as deficient, but how it could be bettered we fail to see. Spradley was convicted, and sentenced to the penitentiary, and appeals his case here. Upon his trial he offered certain evidence, which was rejected, and excepted to certain evidence offered against him, and to certain instructions given on the part of the prosecution. Frank Brown, Jack Jones, and Mr. Pannell, about the hour of midnight, and when Spradley was asleep, invaded the privacy of his room at the Dahmer Hotel, where he was staying and lodging—opened the door of his room—for the purpose of making his arrest, awakened him out of his sleep, and in his presence and hearing consulted together about his arrest; and very soon thereafter an encounter between Spradley and Brown, growing out of such attempted arrest, occurred, which is the subject of this indictment. The prosecution attempted to base an authority in Brown, Jones, and Pannell to arrest Spradley on the ground that he had cut Van Hobson that evening at the camphouse in Okolona. Our law (code, § 1375) allows a private person to arrest any person without warrant for an indictable offense attempted in his presence; or when a felony has been committed, though not in his presence; or when a person has committed a felony, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it. But there is not a line of evidence tending to show that Spradley had committed any offense upon Hobson, or upon any other person. Upon the contents of this record

there is not a ground for the slightest suspicion that Spradley had committed any felony or misdemeanor whatever. And yet the court, in its second instruction for the state, instructed the jury that, if Brown had reason to believe that defendant had committed a felony, he had a right to arrest him, etc. The attempt to arrest Spradley by Brown and others was unlawful, and Spradley had the right to resist such unlawful effort by all reasonable means, and unless, in so doing, he exceeded the bounds of prevention and defense, he is guilty of no wrong. The giving of the second charge for the state is error, as our predecessors have uniformly held that an instruction without evidence to support it is harmful. Brame & A. Dig., p. 633, par. 1.

The court, over the objection of appellant, permitted Brown to testify that Pannell identified Spradley as the man he thought had misbehaved at the camp house or cut a negro there, with a view of showing grounds for his arrest, although there was no competent evidence whatever of any misbehavior or cutting of any one on the part of Spradley. To place before the jury thoughts or suspicions of Pannell as to the commission of some crime by Spradley was erroneous. If Spradley had been under indictment for assault upon Hobson, the evidence of such crime, so far as it appears in this record, is too slight to be placed before the jury as a ground for his conviction. Evidence, direct or circumstantial, of such character as leads to certain conclusions, is what the law demands in all cases, and the mere thoughts of a witness may in no case be admitted.

The defendant endeavored to elicit from Brown, Jones, and Pannell the authority claimed by them for his attempted arrest, the motives moving them thereto, and the manner of exercising their assumed authority, as bearing upon the propriety of their invading his retirement at midnight, which was excluded by the court. We think the defendant below should have been permitted to show the motives and conduct of Brown and his associates in attempting to make his arrest as a criminal

as important features of the transaction.   If the action of the court was based upon the assumption that the questions put by defendant's counsel were objectionable as being leading, they may correct the error upon a new trial.   The complaint of appellant on the second and third points here passed upon was made in many phases of its insistence, but the instances here enumerated will serve as a guide for all others of like sort.

*Reversed and remanded.*