CHESTER *v.* STATE.

Mar. 2, 1953

No. 38558 22 Adv. S. 1 63 So. 2d 99

*J. A. Wiltshire,* for appellant.

*Geo. ll. Ethridge,* Assistant Attorney General, for appellee.

Arrington, J.

The appellant, Henry Chester, was indicted and tried for assault and battery with intent to kill and murder Ernestine Williams. He was convicted, and sentenced to a term of eight years and eight days in the State Penitentiary, from which judgment he appeals.

The evidence on the part of the state shows that the appellant, without cause or provocation, on March 1, 1952, assaulted Ernestine Williams and her daughter by cutting and stabbing them with a knife. According to the testimony of Dr. Brock, who treated the prosecuting witness, she was stabbed and cut in at least eighteen or twenty places, all around—principally around on the side of her back and left side on her hip and leg and right arm, and she had a cut across the stomach eight or ten inches long. The constable and deputy sheriff who arrested the appellant later that night testified that the appellant admitted the cutting and gave them the knife he used, which knife was introduced in evidence. According to the testimony, the blade of this knife was three or three and a quarter inches long. The deputy sheriff testified that there were no bruises, cuts, marks, or signs on appellant. The appellant did not testify in his own behalf. Other witnesses, however, testified that he acted in self-defense.

The indictment, omitting the formal parts, reads as follows: ". . . on or about 1st day of March, A. D., 1952 did, then and there, wilfully, unlawfully, feloniously and of his malice aforethought assault, cut, stab, and wound Earnestine Williams, a human being, with a certain deadly weapon to-wit: a knife, with the felonious

intent her the said Earnestine Williams, wilfully, unlawfully, feloniously and of his malice aforethought to kill and murder.''

To this indictment, the appellant filed a plea in abatement, asking that the indictment be quashed and that defendant not be required to make further answer thereto. He also filed a demurrer. The plea in abatement sets out that an affidavit charging the appellant with a simple assault was filed by the constable in the justice of the peace court on March 3, 1952; that on March 10, the appellant employed counsel and was released on bond and the case set for trial in the justice of the peace court on March 14; that due to an oversight on the part of the justice of the peace, the state's witnesses were not present and there was no trial. Defense counsel got in touch with the county attorney and tried to arrange another date for a trial. The county attorney advised counsel for appellant that his investigation indicated that the crime was a felony and that the matter would be presented to the grand jury the following Monday, March 17. The indictment was returned on March 19 and the appellant was tried and convicted on March 25, 1952.

 The appellant's argument appears to be that an indictment could not be returned until the appellant was tried in the justice of the peace court on an affidavit charging him with a simple assault. There is no merit in this contention, for regardless of the outcome of the trial for a misdemeanor, it would be no bar to a subsequent indictment for felony in the same matter. Sec. 2572, Miss. Code 1942. The court committed no error in overruling the plea in abatement. The demurrer to the indictment was properly overruled. State v. Sims, 80 Miss. 381, 31 So. 907; Spradley v. State, 80 Miss. 82, 31 So. 534.

The appellant next argues that the court erred in granting the state the following instruction: ''The Court instructs the jury for the State that if you believe from all the evidence in this case beyond a reasonable doubt

that the defendant Henry Chester, did, on the 1st day of March, 1952, wilfully, unlawfully, feloniously and of his malice aforethought assault, cut, stab, and wound Earnestine Williams, a human being, with a certain deadly weapon to-wit: a knife, with the felonious intent her the said Earnestine Williams, wilfully, unlawfully, feloniously, and of his malice aforethought to kill and murder, not in necessary self-defense, and at a time when he the said Henry Chester was in no real or apparent danger of losing his own life or suffering great bodily harm at the hands of the said Earnestine Williams, then the defendant Henry Chester is guilty as charged and the jury should so find.''

Counsel contends that this instruction is erroneous on the ground that it assumes facts, principally in that it told the jury that a knife was a deadly weapon. The Court, in the case of Golding v. State, 144 Miss. 298, 109 So. 731, held that the phrase in the instruction, ''if you believe from the evidence beyond a reasonable doubt,'' was held to modify all following phrases and not merely the first, so that instruction did not assume facts.

 The appellant next contends that the court erred in granting an instruction for the State which told the jury in effect that they should not hunt for doubts with the view of finding any excuse or apology for their verdict, and that they should not indulge in such doubts as are merely conjectural. This instruction is identical with the one set out in full in Floyd v. State, 166 Miss. 15, pages 40, 41, 148 So. 226. The Court there said: ''The giving of this instruction does not constitute reversible error. It could have been refused. It does not, as said in another case, shed any light upon the case but we would not reverse for this instruction.'' The Court, in the recent case of Youngblood v. State, 62 So. 2d, Advance Sheet No. 1, p. 218, dated January 29, 1953, said:

''The criticism of this instruction is not unfounded. In fact, similar instructions have been frequently dis-

approved by our Court, although the giving thereof has not been found to constitute reversible error. Hemingway v. State, 68 Miss. 371, 8 So. 317; Howell v. State, 98 Miss. 439, 53 So. 954; McNeal v. State, 115 Miss. 678, 76 So. 625. And we take this opportunity of again emphasizing that an instruction similarly worded should not be given. Such an instruction is not needed by the State for presenting the issue for the determination of a jury in any criminal case, and the same is calculated to mislead the jury in some cases.''

The appellant next argues that the court erred in granting the state the following instruction: ''The Court instructs the jury for the State that to make an assault with a deadly weapon justifiable on the grounds of self-defense, the danger to the defendant must be either, actual, present, and urgent, or the defendant must have reasonable grounds to apprehend the design on the part of the assaulted party to kill him or to do him some great bodily harm, and in addition to this that there was imminent danger of such design being accomplished, and hence mere fear, apprehension or belief, however, sincerely entertained by one person that another designs to take his life or to do him some great bodily harm will not justify the former in assaulting, cutting, or stabbing, the other party. A party may have a lively apprehension that his life is in danger, and believe the grounds of his apprehension just and reasonable, yet he acts at his peril, he is not the final judge, the jury may determine the reasonableness of the grounds upon which he acted.''

This instruction was approved in the cases of Ransom, et al. v. State, 149 Miss. 262, 115 So. 208; Callas v. State, 151 Miss. 617, 118 So. 447; Coleman v. State, 22 So. 2d 410 (not officially reported). The evidence in this case was conflicting and presented an issue for the determination of the jury. Evans v. State, 159 Miss. 561, 132 So. 563, and authorities there cited. There are other assignments argued but we find them to be without

merit. The evidence was ample to support the verdict of the jury and the judgment is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee,* and *Ethridge, JJ.,* concur.