YARBER *v.* STATE

No. 40478     April 8, 1957     93 So. 2d 851

*Kepper & Kepper,* Hattiesburg, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

ETHRIDGE, J.

Appellant Cecil Yarber was convicted in the Circuit Court of Forrest County of assault and battery with intent to kill Buddy Ezell. The evidence was ample to support the conviction, and appellant does not contend otherwise. His sole assignments of error are directed toward the refusal by the trial court of two instructions requested by defendant, which attempted to set forth a theory of self-defense. Defendant was entitled to a self-defense instruction, if he had asked for a proper one, but the two requested by him contained improper state-

748

ments of the law, and were correctly refused by the trial court. ·

■■ The first instruction states the hypothesis that it must reasonably appear to defendant that Ezell "intended to harm him." The threatened intent must be an intent to kill the defendant or to do him great bodily harm, not just any "harm." Callas v. State, 151 Miss. 617, 118 So. 447 (1928). ■■ The instruction further states that under the assumed circumstances the defendant might anticipate Ezell "and even kill him, if such killing was apparently necessary to protect his home life." But of course the threat must be reasonably "apparently necessary", since a party may have an apprehension that his life is in danger and believe the grounds of his apprehension just and reasonable; and yet he acts at his peril, since the jury and not he is the final judge of whether he acted upon reasonable grounds. Ransom v. State, 149 Miss. 262, 115 So. 208 (1928); Robinson v. State, 49 So. 2d 413, (Miss. 1950). ■■ Moreover, this instruction omits the requirements that the defendant must be in an immediate danger, real or apparent, and that the intent to kill defendant must be manifested by some overt act. 2 Alexander, Mississippi Jury Instructions (1953), Sections 4403, 4366; Molphus v. State, 124 Miss. 584, 87 So. 133 (1920); Callas v. State, supra.

The second refused instruction has many of the same defects. It omits the requirement that the danger to defendant must be either actual, present and urgent, or the defendant must have resasonable grounds to apprehend a design on the part of Ezell to kill him, or to do him some great bodily harm, and in addition, that there was imminent danger of such design being accomplished. Callas v. State, supra. It further omits the requirement that at the time Ezell must have been making some overt act toward the defendant. Molphus v. State, supra.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Arrington,* JJ., concur.