HARPER, Justice.
Appellant was tried and convicted on September 29, 1970, in the Circuit Court of Madison County for the crime of manslaughter.
On May 22, 1970, the appellant, C. O. Chinn, was involved in an altercation with one Vernon Ricks in which shots were fired and which resulted in the death of Ricks. The appellant voluntarily went to the police headquarters to surrender himself. He was charged with manslaughter and bound over to the Madison County Grand Jury which indicted appellant for said crime.
The basic issue presented by the appellant is whether appellant’s motion to quash the venire should have been sustained. The determination of this question makes moot the other assignments of error made by the appellant. Hence, it will be unnecessary to detail the facts relating to the altercation.
Appellant filed a motion to quash the indictment alleging systematic exclusion of Negroes from jury service in Madison County. At the hearing on said motion, it was shown that the Supervisors of Madison County used no system whatever for jury selection. The proof offered on behalf of the state was to the effect that the Supervisors perused the registration books making subjective decisions as to who should serve and who should not serve on the jury without regard to race, creed or color. It was stipulated on the hearing that the 1960 census showed Madison County to be composed of 71.8 percent non-white and 28.2 percent white.
Appellant offered proof to show a compilation of master jury lists from 1968 through 1970 which reflected that each master list had at least S6.9 percent white and at no time did blacks comprise more *802 than 37.5 percent of such master list. Further, that during the period in question, 1,-489 people were shown on the master list. Of this number, 63 percent were identified as white and only 28 percent were identified as black. These figures represent the percentages of the entire list which the officials involved were able to identify according to race.
The United States Supreme Court in the case of Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184,. 92 L.Ed. 76 (1947) held that in order to refute the prima facie case of discrimination created by the long continuous absence of Negroes from jury service, the jury selection officials must present evidence of a substantial nature which is corroborated by public records. It is manifest from the record in this case that the jury selection officials did not present evidence of a substantial nature to rebut the prima facie case of discrimination created by the facts previously recited. We have repeatedly held that such discriminatory exclusion of Negroes from the venire is in violation of the defendant’s right under the Fourteenth Amendment. Watts v. State, 196 So.2d 79 (Miss.1967). This Court has heretofore stated in Watts, supra, “ * * * that there is currently no escape from the inexorable rule which has been laid down by the United States Supreme Court in regard to the selection of juries. Wise public officials will take note and be governed accordingly.” (196 So.2d at 83). This position is reiterated.
The evidence shows that all of the qualified electors which were registered by federal registrars were added to the list of registered voters and coded “FR.” This fact alone requires the reversal of this case under the principles enunciated in the case of Caston v. State, 240 So.2d 443 (Miss.1970). See also Dorsey v. State, 243 So.2d 550 (Miss.1971); Spencer v. State, 240 So. 2d 260 (Miss.1970); Shields v. State, 203 So.2d 78 (Miss.1967) ; and Shinall v. State, 187 So.2d 840 (Miss.1966).
We therefore hold that the State of Mississippi failed to meet the prima facie case made by appellant on the motion to quash. The motion should have been sustained, and we therefore reverse and remand and order the appellant held for further action by the grand jury.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, IN-ZER and SMITH, JJ., concur.