276 So.2d 456 (1973)
C.O. CHINN
v.
STATE of Mississippi.
No. 47209.
Supreme Court of Mississippi.
April 9, 1973.
Rehearing Denied April 27, 1973.
*457 Anderson, Banks, Nichols & Leventhal, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
On the first appeal in Chinn v. State, 248 So.2d 801 (Miss. 1971), the conviction of appellant for the crime of manslaughter was reversed because of discrimination in the selection of jurors serving on grand and petit juries at the time of his first conviction.
Pursuant to the remand appellant was indicted at the September, 1971, term of the Circuit Court of Madison County, Mississippi, for the crime of manslaughter, and after a second trial was convicted and sentenced to a 20 year term in the Mississippi State Penitentiary.
About five minutes after receiving a report of a shooting, Canton policemen found the deceased, Vernon Ricks, gasping for breath and bleeding profusely in an alley near the front of a cafe in Canton, Mississippi. In Ricks' hand was clutched a cocked pistol holding one live and four empty cartridges. The live round in Ricks' pistol was at the bottom of the cylinder and it would have been necessary for Ricks to snap the pistol three times before the live round could be fired. Upon examination of the pistol at the time by police officers it was shown that the pistol of deceased was cold and had no powder scent indicating that it had not been fired recently.
Royce Fields, a 16-year-old witness for the State, testified that he was seated on the brick wall of a flower planter in front of Bessie's Cafe and noticed the deceased came out of the Starlite Cafe, walk along the sidewalk south toward Bessie's Cafe. There were three other persons seated on the flower planter with the witness, and Bessie, the owner of the cafe, was standing on the sidewalk in front of the cafe. According to this witness, appellant came out of the Starlite Cafe and called to decedent, "Breeland, your mama's like a bat out of hell." The witness testified that *458 Breeland did nothing but that appellant fired a shot. As soon as the first shot was fired the witness ran toward the door of the cafe which was on his right and to the north of him. While running into the cafe he heard the appellant shoot more than once. At the time the first shot was fired deceased was near the south end of Bessie's Cafe and the witness was located between appellant and deceased. Eugene Pullen and the wife of appellant, witnesses for appellant, both testified that the deceased fired the first shot and after the first shot was fired, appellant secured a gun from the glove compartment of his car and returned the fire of deceased. Appellant fired enough shots to empty his pistol, got in his car and drove away. The appellant testified in his own behalf and stated that he fired in self defense after having first been fired at by the deceased.
Willie Lee Coleman was in the Starlite Cafe about 8:30 p.m. and testified about an argument between appellant and deceased and stated that he heard the deceased threaten to kill appellant and saw a gun on the deceased. Joe Nathan Small was called as a rebuttal witness by the State and testified that he was working in the Starlite Cafe on the night of the shooting; that he heard an argument between appellant and deceased but did not hear deceased threaten appellant. He asked deceased to leave so there would not be any trouble in the cafe and deceased left as requested. This witness did not see the pistol in the pocket of deceased.
Appellant's first assignment of error is that the State failed to prove corpus delicti. Appellant bases his argument on the fact that none of the witnesses actually saw the deceased hit by a bullet; that the State introduced both the gun of appellant and appellee but did not prove the one belonging to appellant fired the fatal shot; and, that the State's testimony did not rule out the possibility that deceased was killed by a ricochet or that his own pistol was mishandled so that in some manner the fatal shot might have come from the pistol of the deceased.
The State, by the testimony of Dr. John Russell Durfey, established the fact that the deceased died as a result of a gunshot wound which entered his chest and introduced the bullet which was removed from the abdomen of the deceased by the doctor.
This Court has repeatedly held that the burden is on the prosecution to establish the corpus delicti in homicide cases and that corpus delicti consists of two essential elements; first, the State must show that the alleged deceased is, in fact, dead and, second, that he died as a result of a criminal agency. See Gilleylen v. State, 255 So.2d 661 (Miss. 1971); Rhone v. State, 254 So.2d 750 (Miss. 1971); Elliott v. State, 183 So.2d 805 (Miss. 1966); King v. State, 251 Miss. 161, 168 So.2d 637 (1964).
In Marvin Sexton v. State of Mississippi, 274 So.2d 658, decided March 12, 1973, this Court stated:
We said in Elliott that "The first element was proven in this case without question. The second element may be proven by circumstantial evidence and by reasonable inferences to be drawn from the evidence." 183 So.2d at 810.
In this case the evidence shows that Vernon Ricks is dead; that he died as a result of a gunshot wound; that all of the witnesses saw appellant fire toward decedent; that appellant admitted that he was engaged in a shootout, thus establishing corpus delicti. The first assignment of error is therefore without merit.
Appellant assigns as his second error that the jury verdict was contrary to the overwhelming weight of the evidence. Appellant urges the record reveals a clear case of self defense except for the testimony of Royce Fields, who admitted being excited and confused. Since the testimony was conflicting as to whether or not the *459 deceased threatened appellant, as to who fired the first shot and whether deceased ever fired at appellant, the question of self defense was for the jury. In Gangloff v. State, 242 Miss. 168, 134 So.2d 481 (1961), this Court stated:
The record reflects that the evidence in this case was conflicting. We have held in innumerable cases that conflicts and contradictions were questions for the determination of the jury, and that under our system the jury were the sole judges of the weight of the evidence and the credibility of the witnesses. Hill v. State, 199 Miss. 254, 24 So.2d 737. (242 Miss. at 169, 134 So.2d at 481).
In McLelland v. State, 204 So.2d 158 (Miss. 1967), we stated:
We have repeatedly held that the jurors may accept the testimony of some witnesses and refuse that of others, and that they may accept in part and reject in part the evidence on behalf of the State and on behalf of accused. Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946). It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict it must be accepted as having been found worthy of belief. Matthews v. State, 243 Miss. 568, 139 So.2d 386 (1962); Scott v. State, 185 Miss. 454, 188 So. 546 (1939).
It is obvious that this Court cannot set aside a verdict of guilty unless it is clear that the verdict is the result of bias, prejudice or fraud, or is manifestly against the weight of credible evidence. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963); Henderson v. State, 187 Miss. 166, 192 So. 495 (1939). Furthermore, all the proof need not be direct and the jury may draw any reasonable inferences from all the evidence in the case. Woodward v. State, 180 Miss. 571, 178 So. 469 (1938), overruling suggestion of error, 180 Miss. 571, 177 So. 531. (204 So.2d at 164).
The evidence in this case was sufficient to sustain the conviction of appellant for manslaughter as against his plea of self defense.
In his third assignment of error, appellant argues the closing argument by the District Attorney was improper because the prosecutor stated that decedent's cold gun indicated decedent never fired it. This argument clearly is within the rule permitting argument on proper inferences from testimony. Smith v. State, 141 Miss. 772, 105 So. 758 (1925).
In Bufkin v. State, 134 Miss. 116, 98 So. 455 (1924), in commenting on the closing argument of a district attorney, this Court stated:
We think it is within the privileges of the attorneys to comment upon the evidence. The very purpose of argument is to suggest conclusions that may be drawn from the evidence, which might not occur to the jury without argument, and, while the court cannot single out the defendant's evidence by instruction and comment thereon, this does not apply to the attorneys in the case. They have the privilege of commenting on the evidence and drawing inferences or deductions therefrom, and may refer to the witnesses by name. .. . (134 Miss. at 124-125, 98 So. at 457).
It has long been the rule that this Court recognizes the right and duty of an attorney to deduce and argue reasonable conclusions based upon the evidence, which are favorable to their clients, and they may do so whether conclusions so urged are weak or strong so long as legitimate, and it is the function of the jury to determine the logic and the weight of the conclusion. We are of the opinion that no error was committed by the District Attorney in his closing argument by calling *460 attention to the fact that the cold gun indicated that decedent had not fired the gun found in his hand.
Appellant urges in his fourth assignment of error that Miranda warnings should have been given him at the police station before he was questioned about the reason he was surrendering. Since appellant's statement was freely and voluntarily given without compelling influences, it falls within one of the exceptions recognized in Miranda. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See also Boyles v. State, 223 So.2d 651 (Miss. 1969); Spurlin v. State, 218 So.2d 876 (Miss. 1969), and Nevels v. State, 216 So.2d 529 (Miss. 1968). The only question asked by the police was not about the crime, but related to the reason for the voluntary surrender of appellant and it was not error to admit appellant's statements made at the time of his surrender.
Finally, appellant attacks State's Instruction No. 4, which reads:
The court instructs the Jury for the State of Mississippi that mere threats alone will not justify one person in taking the life of another. Even though the Jury believe from the evidence that the deceased, Vernon Ricks, threatened the life of the defendant, C.O. Chinn, and that the threats were communicated to him, this alone would not justify the defendant, C.O. Chinn, in taking the life of the deceased, unless you further believe from the evidence that at the time defendant, C.O. Chinn, shot the deceased he, the deceased, was making some overt act toward the defendant.
The instruction set forth above was approved in Molphus v. State, 124 Miss. 584, 87 So. 133 (1920), and Callas v. State, 151 Miss. 617, 118 So. 447 (1928). In Yarber v. State, 230 Miss. 746, 93 So.2d 851 (1957), appellant assigned as error failure of the trial court to grant him a self defense instruction which the Court held to be improper because:
Moreover, this instruction omits the requirements that the defendant must be in an immediate danger, real or apparent, and that the intent to kill defendant must be manifested by some overt act. 2 Alexander, Mississippi Jury Instructions (1953), Sections 4403, 4366; Molphus v. State, 1920, 124 Miss. 584, 87 So. 133; Callas v. State, supra. (230 Miss. at 748, 93 So.2d at 852).
Appellant contends that the quoted instruction shifts the burden of proof to him and therefore was erroneously granted.
In Dobbs v. State, 200 Miss. 595, 29 So.2d 84 (1947), the same objection was made to an instruction, and the Court stated:
The objection that the quoted instruction shifts the burden of proof to the defendant is not well-taken. The State's burden is to make out affirmatively its prima facie case beyond all reasonable doubt. Of course, it must maintain this degree of proof against defenses asserted by the defendant, but it is the defendant's concern and duty to go forward in the establishment of his defenses. The instruction goes no further than recognition of such duty. It does not undertake to measure the degree to which defensive proof must rise... . (200 Miss. at 605, 29 So.2d at 85).
For the reasons stated the instruction was properly given.
It is noted that appellant failed to object to the instructions as required by Supreme Court Rule 42 and the rules of the Circuit Court at the time the instruction was tendered.
In Clark v. State, 260 So.2d 445 (Miss. 1972), this Court held that an assignment of error concerning instructions would not be considered by the Supreme Court where appellant failed to object to instructions as required by Supreme Court Rule 42 and that although Circuit Courts may waive their rules requiring jury instructions to be filed 24 hours in advance, *461 only the Supreme Court can waive the requirements of the rule that no assignment of error based on giving of instructions to jury will be considered on appeal. Unless the objection made to the instruction in trial court states specific ground for objection, it may be considered on appeal only to prevent manifest injustice. See also Gaines v. State, 272 So.2d 919 (Miss. 1973); Ferrill v. State, 267 So.2d 813 (Miss. 1972).
For the reasons stated, the judgment below is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and BROOM, JJ., concur.