306 So.2d 299 (1975)
Gregory E. WHITE
v.
STATE of Mississippi.
No. 48132.
Supreme Court of Mississippi.
January 20, 1975.
John C. Webb, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
WALKER, Justice:
This is an appeal from the Circuit Court of Washington County, Mississippi, where appellant was indicted and tried for the murder of Russell Reynolds. The jury found appellant guilty of manslaughter, and he was sentenced to a term of eight years in the state penitentiary. From that conviction and sentence, appellant prosecutes this appeal.
The crucial question presented on this appeal is whether the state proved by competent evidence one of the essential elements of the corpus delicti, that is, the death of Russell Reynolds.
It is undisputed that on the night of January 11, or in the early morning hours of *300 January 12, 1973, appellant and one Slayton, a co-indictee, committed an assault and battery upon one Russell Reynolds whose unconscious body was found in the streets of Leland, Mississippi; that Reynolds was carried to the Leland Hospital where he remained in a comatose condition for eleven or twelve hours; and, that the attending physician ordered him transferred to the Veterans Administration Hospital in Jackson. The direct chain of events ends at this point, there being no evidence that Reynolds was in fact carried to or admitted to the Veterans Administration Hospital in Jackson.
The next sequence in the state's evidence shows that on February 13, 1973, Dr. Gatling, a pathologist at the Veterans Administration Hospital in Jackson, was called in to complete an autopsy which had been started by a Dr. Chu who became ill. Dr. Gatling was allowed to testify over strenuous objections that the corpse was that of Russell Reynolds although he testified that he had never known Russell Reynolds personally; that he had never seen Russell Reynolds; that he completed the autopsy for Dr. Chu and that Dr. Chu would have identified the body from medical records and an arm band attached to the body. He further stated that he did not see the arm band, did not see any clinical charts identifying the corpse as that of Russell Reynolds and did not discuss with Dr. Chu who the corpse was. However, Dr. Gatling did testify at one point, over objection, that he was relying on Dr. Chu and the integrity of the hospital records for the identification of the corpse. This testimony was hearsay and the objection thereto should have been sustained since Dr. Chu did not testify nor were the hospital records offered or admitted into evidence. See Gilleylen v. State, 255 So.2d 661 (Miss. 1971).
The burden is on the state to prove the essential elements of the corpus delicti in homicide cases. Those are: (1) that the alleged deceased is, in fact, dead; and (2) that the deceased died as a result of a criminal agency. Chinn v. State, 276 So.2d 456 (Miss. 1973); Rhone v. State, 254 So.2d 750 (Miss. 1971); Elliott v. State, 183 So.2d 805 (Miss. 1966). We are not concerned with the second element, criminal agency, as the state's evidence which we do not detail, made out a jury question in that regard. However, the proof with respect to the first element, that is, the death of Russell Reynolds was based on hearsay evidence and was, therefore, inadmissible.
When a defendant is being tried for the unlawful killing of another, the death of the other person must be proved either by direct testimony or by presumptive evidence of the strongest kind. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Pitts v. State, 43 Miss. 472 (1870).
In Harris v. State, 155 Miss. 398, 124 So. 493 (1929), this Court was confronted with the question of whether the proof showed that the decedent was dead at the time of trial. In that case, one witness testified that he took the decedent to a hospital in Vicksburg, but he was not sure which one, and another witness, who was a resident of the hospital, testified that he saw the decedent's body when it was dead, although he did not know his name, did not know who brought him there, did not receive information of the decedent's name, did not know where the decedent came from, did not state what month or year or day that the death occurred, and could only say that he (the corpse) was a small size medium man about sixty-five years old. In reversing and remanding for a new trial for failure of the state to prove the corpus delicti, this Court noted that it was not shown by any witness who knew the decedent that he was the same man who came into the hospital; nor was there any effort on the part of the state to introduce any of the officials, physicians or the receiving clerks of the hospital. The Court therefore held that there was no evidence *301 upon which the jury could reasonably conclude that the alleged deceased was in fact dead as no presumptions on this point could be assumed against the defendant, but every presumption is in his favor, and the question of death could not be left to conjecture or speculation. In discussing what disposition should be made of the case, the Court went on to say:
[B]ecause of a missing link in the evidence, this case must be reversed, but we have concluded that justice demands that this case be remanded for another trial, it being clear to us that the officials of the hospital to which Gaden was delivered can be brought in, and the records of the hospital will perhaps establish the identity of the man who died, and the date of his death, whether before this crime was committed or not, as the present record does not show that the man who died in Vicksburg, about whom Marion Wheeler testified, was Gaden. (155 Miss. at 404, 124 So. at 495).
We have concluded that this case must be reversed since the identity of the corpse on which an autopsy was performed at the Veterans Administration Hospital was based on hearsay testimony; and, as in Harris, supra, justice demands that the case should be remanded for a new trial so that the identity of the corpse, whether it be Reynolds or not, may be properly established by competent evidence.
The appellant also assigns as error that the proper procedure for determing the voluntariness of his alleged confession was not followed by the state. We need only to point out that this procedure has been detailed at great length in Stevens v. State, 228 So.2d 888 (Miss. 1969) and Agee v. State, 185 So.2d 671 (Miss. 1966), and must be strictly followed.
We would also point out that since the question of murder was resolved against the position of the state, upon a retrial hereof, the appellant should be held answerable only to the charge of manslaughter. Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Patrick v. State, 285 So.2d 165 (Miss. 1973).
We have considered the other assignments of error and find them to be without merit.
Reversed and remanded.
GILLESPIE, C.J., and SMITH, ROBERTSON and BROOM, JJ., concur.