SMITH, Presiding Justice,
for the Court:
Randolph Garner was convicted of manslaughter in the Circuit Court of Jefferson Davis County and sentenced to twenty years imprisonment. He has appealed, assigning for reversal the following ground:
The verdict of the jury was contrary to the overwhelming weight of the evidence.
The record reflects that Garner is totally blind. Nevertheless, he owned and operated a small mercantile establishment in Prentiss, where drinks, candy, gum, antiseptics and similar articles were sold. On the occasion of the homicide, which resulted in Garner’s prosecution, the owner was seated in the corner of his store, near a heater, and there were some nine other people also in the store. These people were engaged generally in talking, drinking whiskey and listening to music being played on the jukebox. At about 9:00 p. m. Garner announced that he was going to close and asked everyone to leave. He put fifty cents in the jukebox and informed those present that when the music had concluded, which the fifty cents paid for, they should all leave. When the music stopped, however, one Bourn put another quarter in the machine. In the meantime Garner had turned it off and when it failed to play Bourn asked Garner for his quarter back. Garner refused, telling him he should have known better as everyone had seen him turn off the machine. At that moment someone said, “I wouldn’t do that if I were you” and someone “brushed” against Garner. At this, Garner seized his pistol and fired three times, he said with the intention of scaring people away from him. One Dykes was hit in the neck by one bullet and slumped to the floor. Dykes got up, ran out of the store and died as the result of his wound.
At his trial, Garner’s defense was self-defense. Being blind, he claimed that the circumstances related above caused him to believe and apprehend that his life was in danger and that he had “fired into the air” in self-defense for the purpose of scaring away a potential attacker.
Testimony showed that the bullet which killed Dykes, who had not been a party to the disagreement over the quarter, had entered his neck with a downward trajectory. There was no evidence of threats or of any aggressive move by anyone toward Garner.
In nowise do we discount the uncertainty and fear that a man who is totally blind, as Garner was, must experience when he apprehends, perhaps groundlessly, that someone may be preparing to attack him, but the firing of his pistol by Garner, under the circumstances in evidence, in a room filled with people, which resulted directly in the death of one of them, made the question of Garner’s guilt or innocence one for determination by the jury.
In Rush v. State, 278 So.2d 456, 459 (Miss.1973), the Court reviewed the question:
Contention is made for appellant that this instruction denied him his constitutional right of self-defense. This instruction was approved by this Court in the *766 case of Hartfield v. State, 176 Miss. 776, 170 So. 531, (1936). Said instruction does not in fact require that the accused must know that the danger is actual and imminent. It is not sufficient to the defense of one confronted with in this case that imminent and immediate danger would be apprehended only by a coward or by one who is at the time unduly frightened out of his senses. As stated by this Court in Hartfield, supra, the correct rule as contained in the last quoted instruction is that:
The apprehension of such danger must be real and such as would or should, under the circumstances, be entertained by a reasonably well-disposed man of average prudence; and whether the accused has, in a particular case, measured up to that standard of conduct is a question to be submitted to, and decided by, the jury
See also Entrican v. State, 309 So.2d 851 (Miss.1975); Stennis v. State, 234 So.2d 611 (Miss.1970); Yarber v. State, 230 Miss. 746, 93 So.2d 851 (1957); Chester v. State, 216 Miss. 748, 63 So.2d 99 (1953); Pitts v. State, 211 Miss. 268, 51 So.2d 448 (1951); Spivey v. State, 47 So.2d 855 (Miss.1950); Bell v. State, 207 Miss. 518, 42 So.2d 728 (1949).
We are forced to conclude that the evidence was sufficient to support the verdict of the jury in finding Garner guilty of manslaughter. No prejudicial error having occurred in the trial, the conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.