PRATHER, Justice,
for the Court:
This is a criminal appeal taken from the Circuit Court of Lauderdale County, Mississippi, wherein David L. Bennett was tried and convicted of negligent injury to another while driving under the influence of alcohol in violation of Miss. Code Ann. § 63-11-30(4) (Supp.1985). The appellant was sentenced to serve a term of four (4) years in the custody of the Mississippi Department of Corrections, and it is from this conviction and judgment that Bennett appeals and assigns the following three assignments of error:
(1) The court erred in failing to dismiss the charge against the defendant, David L. Bennett, on the ground of double jeopardy.
(2) The court erred in admitting into evidence the results of a blood test of the defendant taken pursuant to § 63-11-1, et seq., of the Miss. Code of 1972, as amended.
(3) The court erred in failing to grant the defendant’s motion for recusal of the presiding judge.
STATEMENT OF FACTS
On March 27, 1985, the defendant, David L. Bennett, and Jackie Gault were involved in a two-car automobile accident. As a direct result of the accident, Mrs. Gault had her nose cut off, suffered numerous lacerations of the face, had one of her legs broken in 25 or more places, and received 8 broken ribs and a punctured lung. Following the accident, Mr. Bennett, pursuant to § 63-11-7 was subjected to a blood test while he was unconscious to determine the alcoholic content of his blood. The blood sample of the defendant/appellant was found to contain a zero point one four percent (0.14) ethyl alcohol content. On the date of the accident Mr. Bennett was charged with misdemeanor driving under the influence of alcohol and driving with a suspended driver’s license in Justice Court.
On May 15,1985, Mr. Bennett was found guilty, in absentia, in Justice Court of the misdemeanor charge of driving while intoxicated pursuant to Miss. Code Ann. § 63-11-30(1-2) (Supp.1985) (Cause No. 126) and driving with a suspended driver’s license (Cause No. 40) and sentenced to serve two days in jail on each charge and to pay a $200 fine on each charge.
On June 11, 1985 a felony warrant was issued for Bennett charging him with “permanently disfiguring or maiming the body of Jackie A. Gault in an automobile accident while driving under the influence of alcohol.” (Docket No. 584). He was arrested on June 13, 1985 and appointed counsel was named on an indigency affidavit.
The Justice Court Clerk testified regarding the entry on docket Case No. 40 that she believed that Bennett posted a cash bond at the jail which was forwarded to the Justice Court Clerk. Of a $600.00 cash bond posted, $258.50 was credited to the no driver’s license charge, $250.00 was forwarded to the Circuit Court, and the remaining $91.50 was not reflected by the docket entry. These payments were made September 23, 1985 after the defendant Bennett had spent three and one-half months in jail.
On the same date of September 23, 1986 an unknown person made an entry of Justice Court Docket Cause No. 126, the D.U.I. charge, “Marked in error 9/23/85” and also “stand trial for felonious charge *817 of maiming and permanently disfiguring as a result of D.U.I.” Additionally, the former entry of the Court’s having found the defendant “guilty” was marked through. The Justice Judge Howell testified that he had no independent recollection of the case and further that he “did not write, ‘marked in error and stand trial for felonious maiming and permanent disfigurement.’ Probably Marilyn Jones wrote that.” Later in his testimony he added that the entry “could have been done at my direction.”
At the November, 1985 Term of Circuit Court, there was a felony indictment under Miss. Code Ann. § 63-11-30(4) (Supp.1985) returned against David Bennett for operating a motor vehicle while under the influence of ethyl alcohol having 0.14% by weight volume in his blood, and in said condition, causing the permanent injuries of Jackie Gault on March 27, 1985.
Prior to trial, a motion to dismiss based upon a double jeopardy charge and a motion asking for the judge to recuse himself were heard and denied.
Having been tried on the felony charge, Mr. Bennett was convicted of violation of Miss. Code Ann. § 63-11-30(4) (Supp.1985). He was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections.
PROPOSITION NO. 1
DID THE TRIAL COURT ERR IN OVERRULING THE APPELLANT’S MOTION FOR DISMISSAL ON THE GROUNDS OF FORMER JEOPARDY?
Counsel for Mr. Bennett contends that the trial court erred in overruling his motion to dismiss based on the grounds of double jeopardy, alleging that Mr. Bennett was duly convicted of driving under the influence pursuant to Miss. Code Ann. § 63-11-30(1-2) (Supp.1985) on May 15, 1985, and that because of said misdemean- or conviction Mr. Bennett could not be tried subsequently for felony driving under the influence (D.U.I.) pursuant to Miss. Code Ann. § 63-11-30(4) (Supp.1985). The law of former jeopardy is well grounded in both the federal and state constitutions.
No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb....
U.S.Const.Amend. V.
No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.
Miss. Const. Art. 3, § 22.
In Harden v. State, 460 So.2d 1194 (Miss.1984), this Court writes:
The first is the inviolate right of any person not to be prosecuted twice for the same offense. This treasured right is deeply embedded in our national conscience and in our system of laws that any violation is absolutely odious.
Id. at 1200 (citing U.S. Const. Amend V and Miss. Const. Art. 3, § 22). With this precedent in mind, counsel for Mr. Bennett argues that the felony conviction of David L. Bennett in Lauderdale County Circuit Court for violation of § 63-11-30(4) after his prior conviction of misdemeanor driving under the influence (D.U.I.) is a double jeopardy violation.
To support this contention, counsel points to the testimony of Shirley Shaw, Justice Court Clerk of Lauderdale County. Mrs. Shaw is questioned about whether Mr. Bennett on May 15, 1985 was found guilty of the charge of D.U.I. and was ordered to pay a fine of $200 and serve two days in jail. The record reveals the following testimony:
Q. So, on May 15, 1985 this docket reflects that Mr. Bennett was found guilty of D.U.I. Isn’t that correct?
A. That’s what the docket reflects.
Bearing in mind this testimony, counsel for Mr. Bennett also points to further testimony of Mrs. Shaw. The witness further corroborated the fact that the docket had been changed after a three month period. Her testimony is as follows:
Q. And, then some three — over three months later someone came into the docket and wrote in it — or struck out the guilty and inserted, “marked in error, 9/23/85” and added this additional, stand *818 trial for felonious charges of — isn’t that correct?
A. That’s what the docket says.
Q. So, the entry marked in error and the additional material alleging that he was to stand trial was entered some three and a half months after he had already been adjudicated guilty D.U.I. and fined. Isn’t that correct?
A. That’s what the docket says.
In addition to the testimony by Mrs. Shaw, the defense also points to the testimony of the Honorable John Howell, licensed attorney and justice court judge. Judge Howell testified that he had no independent recollection of the case. Reviewing the record the judge testified as follows:
Q. You didn’t add, marked in error, and strike through the guilty and then add, “stand trial for felonious maiming and permanent disfigurement”?
A. In the first place I have no further recollection of when and why I marked the first part, and in the second place I did not write, “marked in error and stand trial for felonious maiming and permanent disfigurement.” Probably Marilyn Jones wrote that.
Judge Howell acknowledged that the only thing written in the docket on the D.U.I. charge in his hand was the “guilty” finding and the fine of “200” and the notation of “two days”.
Although the district attorney attempted to argue the fact that no witnesses were heard by the justice court, it is clear that a classic bond forfeiture connected to a finding of guilty and a sentence of $200 and two days was entered by the justice court judge on May 15, 1985. Miss. Code Ann. § 63-11-37 states:
For the purposes of Section 63-11-30, a bond forfeiture shall operate as and be considered as a conviction.
In addition, the judgment reflects that the court heard testimony and found the defendant guilty. A bond forfeiture followed. Therefore, this Court concludes that the judgment and forfeiture of Mr. Bennett’s bond operates as a conviction.
In rebuttal to Mr. Bennett’s argument, the State urges that double jeopardy never attached in the case at bar. In an attempt to substantiate this theory, the State points to the fact that on March 27, 1985, Deputy Sheriff Willie Burton charged Mr. Bennett with felony D.U.I. in violation of Miss. Code Ann. § 63-11-30(4). This case was assigned to Justice Court Judge Marilyn G. Jones.
In line with this charge, Deputy Burton, on April 12, 1985, filed another affidavit charging the appellant with misdemeanor D.U.I. in violation of Miss. Code Ann. § 63-11-30(1-2). This case was assigned to Justice Court Judge John E. Howell. Mr. Bennett was subsequently arrested and posted bail and released on April 12, 1985.
Respectively, on May 15, Judge Jones rendered a decision which stated that the D.U.I. felony should be turned over to the circuit court and listed upon the official record the words, “Unable to be tried in justice court having been committed a felony.” Thereto, on May 15, 1985, Judge John Howell also entered an order of guilty in Mr. Bennett’s case because the appellant failed to show up for court. Mr. Bennett’s fine was forfeited.
Following these events, the State explains that on June 13, 1985, Mr. Bennett was arrested and made his first appearance on the felony D.U.I. pursuant to Miss. Code Ann. § 63-11-30(4). This proceeding took place before Justice Court Judge Marilyn Jones.
With the felony charge before Judge Jones, the State explains that a mistake was corrected in the docket. This mistake, the misdemeanor charge of D.U.I., was corrected by adding the words, “Marked in error” and a line was drawn through guilty and the date 9/23/85 was added.
The State argues that no execution to the judgment of guilty was taken upon Mr. Bennett. Upon discovering the mistake by the justice court, the docket was corrected and judgment was held void. These changes made by someone other than the judge were admitted into evidence in the motion hearing. This Court has held im *819 proper a trial court’s changing of a suspended sentence from three to five years after expiration of the three years period as beyond their authority. Sisson v. State, 483 So.2d 1338 (Miss.1986).
In Wallace v. State, 466 So.2d 900 (Miss.1985), this Court explains, “In order for a plea of former jeopardy to avail, it must appear that the defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted.” Id. at 902.
Mr. Bennett’s bond was forfeited in the justice court. With the forfeiture of this money, a sentence of guilty was entered into the docket and this constitutes a conviction of the misdemeanor charge of driving under the influence.
In Illinois v. Vitale, 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228, 238, (1980) the U.S. Supreme Court ruled that “a conviction on a lesser included offense bars subsequent trial on the greater offense.” Therefore, Mr. Bennett’s misdemeanor conviction bars the subsequent trial for felonious D.U.I. Thigpen v. Roberts, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984).
This Court concludes that the constitutional principle of double jeopardy does attach in this case. The Motion to Dismiss of the defendant should have been granted on this basis.
This Court, therefore, reverses the trial court on the overruling of the motion. The defendant’s other assignments of error do not require addressing, since this Court concludes that the first assigned error requires a reversal of the conviction and a discharge of the defendant.
REVERSED AND DEFENDANT DISCHARGED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., and HAWKINS, P.J., dissent.