KITCHENS, Justice,
for the Court:
¶ 1. Frederick Watts was convicted of felony fleeing or eluding a law enforcement officer in a motor vehicle under Mississippi Code Section 97-9-72 (Rev.2006), and was sentenced to five years in custody, with two years suspended and three years of post-release supervision. On appeal, Watts argues that his conviction for felony fleeing subjected him to double jeopardy, because he previously had pled guilty to reckless driving in the Lauderdale County Justice Court. He also argues that the evidence was insufficient to support a guilty verdict. Finding no reversible error, we affirm Watts’s conviction and sentence.
Facts and Procedural History
¶ 2. In the early morning hours of June 1, 2008, Watts, driving his red Ford Mustang, was stopped at a roadblock manned by officers of the Marion Police Department and the Lauderdale County Sheriffs Department. One of the officers asked Watts for his driver’s license and commented that he smelled the aroma of alcohol coming from the vehicle. According to the officer, Watts then “took off at a fast pace.”
¶ 3. Two other officers gave chase in their vehicles, activating their sirens and flashing lights, but Watts refused to stop. A digital video recorder in one of the police vehicles captured the events. Watts led the officers from Marion to the City of Meridian, at speeds ranging from 100 to 135 miles per hour. Watts eventually lost control of his car in a residential area, and the car stopped when it struck a tree. Watts then fled on foot, and was not apprehended.
¶4. On June 10, 2008, Watts and his attorney went to the Lauderdale County Sheriffs Department. Watts signed a confession that had been written by his attorney, admitting that he had fled the roadblock, “was going over 100 miles per hour knowing the officers were chasing me,” and that after hitting a tree, he had fled on foot.
¶ 5. On July 24, 2008, Watts was indicted for felony fleeing in violation of Mississippi Code Section 97-9-72. He was not arrested or provided a copy of the indictment until August 11, 2009, and he pled not guilty to the indictment on August 24, 2009.
¶ 6. On August 27, 2008, Watts had entered a plea of guilty to reckless driving in Lauderdale County Justice Court. The date of the violation to which Watts pled guilty was June 1, 2008, the same date *903 pled in the felony indictment. Watts paid the $203 fíne imposed in justice court.
¶ 7. Before his trial for felony fleeing, Watts moved to dismiss the indictment, arguing that a trial would subject him to double jeopardy for the same offense. The trial court denied the motion, and a jury convicted Watts of felony fleeing.
Discussion

I. Watts was not subjected to double jeopardy because the justice court lacked jurisdiction to adjudicate felony fleeing.

¶ 8. Our federal and state constitutions prohibit successive prosecutions for the same offense. U.S. Const. Amend. V; Miss. Const. Art. 3, § 22. As a question of law, we review a claim of double jeopardy de novo. Brown v. State, 731 So.2d 595, 598 (Miss.1999).
¶ 9. Watts argues, as he did before trial, that he could not be tried for felony fleeing in the circuit court after he had been convicted of misdemeanor reckless driving in justice court. This frames the issue in terms of Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which states, “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.” The trial court denied Watts’s motion to dismiss the indictment, finding that “[fjelony fleeing requires an additional element to be proved.”
¶ 10. Regardless of Blockburger’s application to this case, former jeopardy is not implicated when the court which first tried the accused lacked jurisdiction finally to adjudicate all of the pending charges, for “a court without jurisdiction to try the person for the crime charged cannot place the accused in jeopardy.” Butler v. State, 489 So.2d 1093, 1094 (Miss.1986). In the present case, Watts pled guilty to a misdemeanor-reckless driving—in justice court while he was under indictment for felony fleeing. Both charges arose from the same incident and the same conduct. Because the justice court lacked jurisdiction to try the pending felony charge, Watts could not be acquitted or convicted in justice court and later succeed in asserting former jeopardy as a bar to the already-pending felony charge in circuit court. See Miss.Code Ann. § 99-33-1(2) (Rev. 2007) (granting justice courts jurisdiction, concurrent with circuit courts, over misdemeanor criminal charges); Chester v. State, 216 Miss. 748, 63 So.2d 99 (1953) (affidavit filed in justice court charging defendant with simple assault did not preclude indictment and conviction for aggravated assault in circuit court); cf. Smith v. State, 219 Miss. 741, 69 So.2d 837 (1954) (conviction in justice court did not bar subsequent prosecution in circuit court when conviction was obtained for purposes of defeating circuit court jurisdiction).
¶ 11. Watts also argues, as a separate issue, that his trial attorney was ineffective for failing to file a petition for interlocutory review of his double jeopardy claim. Because the double jeopardy claim is without merit, Watts is unable to demonstrate the prejudice required to establish ineffective assistance of counsel. Loden v. State, 43 So.3d 365, 388 (Miss.2010).

II. The evidence was sufficient to support the verdict.

¶ 12. When reviewing the sufficiency of the evidence, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. *904 State, 895 So.2d 836, 843 (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The elements of the crime of felony fleeing or eluding a law enforcement officer in a motor vehicle are set out in Mississippi Code Section 97-9-72:
(1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question has committed a crime, and who willfully fails to obey such direction shall be guilty of a misdemeanor....
(2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony....
(Emphasis added.)
¶ 13. Watts argues that the State failed to prove that the officers “had reasonable suspicion to believe that [he] ha[d] committed a crime.” Miss.Code Ann. § 97-9-72(1) (Rev.2006). He avers in his brief that “the State did not elicit testimony from any officer concerning what if any crime Watts allegedly committed.” Watts fails to mention in his argument that the officer who initially approached Watts’s vehicle at the roadblock testified that he had detected the scent of an “intoxicating beverage” coming from the vehicle. Thus, he does not refute the State’s position that the officer had reasonable suspicion to believe that Watts had been driving under the influence of an intoxicating beverage in violation of Mississippi Code Section 63-11-30. Accordingly, we find this issue without merit.

III. There was no cumulative error.

¶ 14. Finally, Watts makes a very cursory argument that he was denied a fair trial based on cumulative errors, but does not cite specific errors other than those already discussed above. Finding “no error in part, there can be no reversible error to the whole.” Harris v. State, 970 So.2d 151, 157 (Miss.2007) (citing Gibson v. State, 731 So.2d 1087, 1098 (Miss.1998)).
Conclusion
¶ 15. None of the issues raised on appeal warrants reversal. Former jeopardy is not implicated in this case because, at the time Watts pled guilty to reckless driving, he was under indictment for felony fleeing, a charge over which the justice court had no jurisdiction to render a verdict. In addition, there was sufficient evidence to convict Watts of felony fleeing under Mississippi Code Section 97-9-72, and there was no cumulative error requiring reversal. Therefore, we affirm Watts’s conviction and sentence.
¶ 16. CONVICTION OF FELONY FLEEING OR ELUDING LAW ENFORCEMENT OFFICER IN A MOTOR VEHICLE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO (2) YEARS SUSPENDED AND THREE (3) YEARS POST-RELEASE SUPERVISION, WITH CONDITIONS, AFFIRMED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, CHANDLER, PIERCE AND KING, JJ., *905 CONCUR. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.