RANDOLPH, Justice,
for the Court:
¶ 1. This appeal is from an order of the Jackson County Circuit Court overruling Rene. C. Levario’s motion to dismiss an indictment charging him with felony Driving Under the Influence (DUI) Causing Death. We affirm the circuit court.
¶ 2. On July 26, 2008, Levario was involved in an automobile accident that resulted in the death of Gary Coulliette. At the scene, Levario received five traffic tickets, one of them for driving under the influence (DUI).[1] The DUI ticket was never signed by the clerk of court. On July 28, 2008, the officer who issued the tickets submitted a handwritten affidavit *610 charging Levario with felony DUI Causing Death for the July 26 incident.
¶ 3. On July 28, 2008, Levario posted $25,000 bond for felony DUI Causing Death. On August 18, 2008, he pleaded not guilty to felony DUI Causing Death in the Jackson County Justice Court, and his case was continued to October 23, 2008. On October 23, 2008, Levario again appeared in the Jackson County Justice Court and was convicted of felony DUI Causing Death.[2] He was ordered to pay a $300 fíne and to attend Mississippi Alcohol Safety Education Program (“MASEP”) classes.
¶ 4. On May 1, 2009, the State filed a “Motion to Set Aside Criminal Judgment” in justice court, arguing that the justice court had no jurisdiction to accept Levar-io’s guilty plea on a charge of felony DUI Causing Death. After conducting a hearing on the issue, the justice court issued an order setting aside the conviction, finding that Levario had pleaded guilty to felony DUI Causing Death and that the felony charge had not been reduced to a misdemeanor.
¶ 5. On October 13, 2009, the Jackson County Grand Jury returned an indictment charging Levario with felony DUI Causing Death for the July 26, 2008, incident. On April 29, 2010, Levario filed a Motion to Dismiss in Jackson County Circuit Court, claiming double jeopardy. The circuit court overruled the motion, and Le-vario appealed that decision.
ISSUES
¶ 6. This Court will address the following issues:
1. Whether double jeopardy prohibited the State from indicting and prosecuting Levario for felony DUI Causing Death in circuit court, because of an earlier DUI conviction in justice court that had been set aside.
2. Whether the State violated Levario’s due-process rights in seeking to set aside his conviction in justice court and in prosecuting him in circuit court for felony DUI Causing Death.
ANALYSIS
I. Standard of Review
¶ 7. “We apply a de novo review to claims of double jeopardy and to questions of law.” Foreman v. State, 51 So.3d 957, 960 (Miss.2011).
II. Double jeopardy did not prohibit the State from indicting and prosecuting Levario for felony DUI Causing Death in circuit court, because the justice court did not have jurisdiction to convict him of the felony.
¶ 8. Levario was not placed in double jeopardy when he was convicted of *611 felony DUI Causing Death by the justice court, which lacked jurisdiction for the felony conviction, and subsequently was indicted for the same offense by a circuit court, which did have felony jurisdiction. Both “the double-jeopardy clause of the Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution of 1890 ... guarantee!] to each citizen that he shall not twice be placed in jeopardy for the same offense!,]” and this Court “constructs] the double jeopardy clause of our Constitution consistent with authoritative constructions of the Constitution of the United States.” Foreman, 51 So.3d at 960 (citations omitted). The double-jeopardy clause of the Mississippi Constitution provides that:
No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.
Miss. Const, art. 3, § 22 (emphasis added). “It has long been settled in this state that a party who has been tried and convicted by a court not having jurisdiction of the offense cannot plead former jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof.” John v. State, 347 So.2d 959, 963 (Miss.1977) (citing Montross v. State, 61 Miss. 429 (1883)), rev’d on other grounds, 437 U.S. 634, 98 S.Ct. 2541, 57 L.Ed.2d 489 (1978). More recently, Justice James W. Kitchens sagely observed that “former jeopardy is not implicated when the court which first tried the accused lacked jurisdiction finally to adjudicate all of the pending charges, for ‘a court without jurisdiction to try the person for the crime charged cannot place the accused in jeopardy.’ ” Watts v. State, 78 So.3d 901, 903 (Miss.2012) (citation omitted). The Watts Court further found that, “[b]ecause the justice court lacked jurisdiction to try the pending felony charge, [the defendant] could not be acquitted or convicted in justice court and later succeed in asserting former jeopardy as a bar to the already-pending felony charge in circuit court.” Id. (citations omitted). Thus, if the justice court lacked jurisdiction for its conviction of Levario, he could not assert double jeopardy to avoid subsequent indictment and prosecution in circuit court.
¶ 9. The justice court did not have jurisdiction for its conviction of Levario, because the sole DUI charge in justice court was felony DUI Causing Death. Justice courts have jurisdiction over misdemeanors, not felonies. Miss.Code Ann. § 99-33-1(2) (Rev. 2007). Levario was never charged with misdemeanor DUI First Offense. Although he was issued a ticket for a misdemeanor DUI offense, the clerk never signed the affidavit on the ticket. Instead, the officer who issued the ticket executed a separate affidavit charging Le-vario with felony DUI Causing Death. Further, the justice court could not have reduced the felony charge and convicted Levario of a misdemeanor,, as only circuit courts have jurisdiction to reduce a felony charge to a misdemeanor. See Miss.Code Ann. § 99-33-1(3) (providing that “[a] circuit court[3] grand jury, after an evidentia-ry determination, may remand any case that may be tried as a felony or misdemeanor, and which it deems should be tried as a misdemeanor, to justice ... court to be tried as a misdemeanor.”) (emphasis added). Thus, the sole charge was felony DUI Causing Death, and the justice court had no jurisdiction either to convict *612 Levario of the felony or to reduce the charge and convict him of a misdemeanor. Because the justice court had no jurisdiction for its conviction of Levario, that conviction did not preclude the State from indicting and prosecuting Levario in circuit court for felony DUI Causing Death.
III. The State did not violate Levar-io’s due-process rights in seeking to set aside his conviction in justice court and in prosecuting him in circuit court.
¶ 10. Levario makes four due-process arguments: (1) the State did not have a right to appeal the justice court’s judgment; (2) the State’s filing of its motion to set aside the conviction was untimely, in violation of unnamed “filing deadlines which would certainly have passed ... ”; (3) the “Order Setting Aside Criminal Judgment” that the State submitted to the justice court was an improper ex parte communication; and (4) the State engaged in prosecutorial vindictiveness. None of his arguments has merit.
¶ 11. We need not address whether the State had a right to appeal the justice court’s judgment, for the State did not appeal that judgment; rather, the State filed a motion in justice court to set aside the conviction. The proceedings to set aside the conviction in justice court (which Levario mischaracterizes as an appeal) were procedurally proper. Mississippi Code Section 9-11-33 provides, in relevant part, that:
[a] justice court judge may set aside any proceeding or judgment in a case conducted before such judge upon a written order as may be just and proper after a proceeding in which the judge determines that good cause has been shown to support such order.
Miss.Code Ann. § 9-11-33 (Rev. 2002). The justice court complied with this statute when it set aside Levario’s conviction in a written order after holding a hearing on the State’s motion to set aside the conviction.
¶ 12. We next address Levario’s argument that the State’s filing of its motion to set aside the conviction was untimely and violated unnamed “filing deadlines which would certainly have passed.... ” This argument fails, because Mississippi Code Section 9-11-33 does not impose filing deadlines or timing requirements.
¶ 13. Levario’s argument that the “Order Setting Aside Criminal Judgment” was an improper ex parte communication likewise fails. The State’s order did not constitute impermissible ex parte contact, because it did not communicate any position on the merits, and no party stood to gain a procedural or tactical advantage because of it.[4] See Miss.Code of Judicial Conduct, Canon 3(B)(7) (“A judge shall not initiate, permit, or consider ex parte communications ... except that ... ex parte communications for ... administrative purposes ... that do not deal with substantive matters or issues on the merits are authorized[,] provided ... the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication .... ”).
¶ 14. Finally, Levario seeks to apply the doctrine of prosecutorial vindictiveness to protect his “fundamental right to plead *613 guiltyt,]” arguing that the State acted vindictively and sought “to punish him ... for exercising his right to accept his punishment.”[5] We find the doctrine inapplicable, because Levario had no right to plead guilty to the charged felony in justice court, as discussed above. See supra, Section II. Thus, we conclude that Levario has not proven any violation of his due-process rights.
CONCLUSION
¶ 15. Accordingly, we affirm the order of the Jackson County Circuit Court overruling Levario’s motion to dismiss and remand the case to the Jackson County Circuit Court for further proceedings consistent with this opinion.
¶ 16. AFFIRMED AND REMANDED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. The other four tickets were for no proof of liability insurance, following too closely, expired driver’s license, and expired motor vehicle inspection sticker.

. As the pending charge was felony DUI Causing Death, that is the only offense of which Levario could have been convicted. However, Levario argues that “no action was taken on the affidavit charging the felony DUI causing death[,]” and that the sentence of a fine and MASEP classes "could only have resulted from a resolution of the DUI misdemeanor. ...” Additional evidence in the record provides that Levario paid $601.50 (the $300 fine plus various court fees) on account of a "DUI 1st Offense.” In subsequent testimony before the justice court, the local attorney who represented the State at the October 23, 2008, proceeding stated that the felony charge had been reduced to a misdemeanor during the October 23, 2008, proceeding and that Levario had pleaded guilty to the misdemeanor. Whether the justice court convicted Levario of the felony or reduced the felony charge and convicted Levario of a misdemeanor is of no legal import, for the justice court did not have jurisdiction either to convict him of a felony or to reduce a felony charge, as discussed below. See infra, Analysis section II.

. No statutory provision gives justice courts the authority or jurisdiction to reduce a felony charge to a misdemeanor.

. The order read, in relevant part, as follows: "Levario pled guilty before this Court to the charge of Felony Driving Under the Influence Causing Death / Misdemeanor Driving Under the Influence and that said charge was / was not reduced to a misdemeanor prior to said plea ... [,]” and showed that the judge circled "Felony Driving Under the Influence Causing Death " and "was not [.]”

. See Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), for a discussion of the doctrine of prosecutorial vindictiveness.