# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-00432-COA

KIMBERLY C. SELLERS A/K/A KIMBERLY CHENILLE SELLERS                 APPELLANT

v.

STATE OF MISSISSIPPI                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/22/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES BRUCE BROWN |
| ATTORNEY FOR APPELLEE: | CAROLINE MOORE |
| CITY ATTORNEY: | ROY E. CARPENTER JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCED TO PAY A FINE OF $600 |
| DISPOSITION: | AFFIRMED: 05/26/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Kimberly Sellers was convicted of first-offense DUI after she was stopped at a driver's license checkpoint in Starkville. A subsequent Intoxilizer test revealed her blood-alcohol content to be .088, in excess of the legal limit. On appeal, Sellers argues that the circuit court erred in failing to suppress any evidence stemming from the stop, because the officer who screened Sellers at the checkpoint did not testify at trial. We find that this issue was waived, but even if it was not, there was sufficient evidence for the court to have found

extended detention was justified by reasonable suspicion.

## DISCUSSION

### 1. Suppression of Evidence Stemming from Stop

¶2. Sellers does not challenge the initial stop at the safety checkpoint, but, rather, the apparent diversion and extended detention of her vehicle for further examination. Our analysis of this issue is complicated by Sellers's failure to properly raise it in the trial court. Sellers did not move to suppress the evidence stemming from the stop prior to trial. When the prosecution presented its primary witness, the DUI officer to whom Sellers had apparently been directed by an initial screening officer, Sellers objected on the basis that there was no "probable cause" to stop her vehicle. The objection was overruled. Sellers's attorney never asked for a suppression hearing, and he only ever said the word "suppress" when arguing for a directed verdict after the prosecution had presented its entire case.

¶3. Sellers erroneously contended (and, indeed, continues to argue) that extending her detention required probable cause. Instead, an investigatory stop requires only reasonable, articulable suspicion that the person has committed or is about to commit a crime. *Eaddy v. State*, 63 So. 3d 1209, 1213-14 (¶¶13-16) (Miss. 2011). It is well established that "[o]bjection on one ground at trial waives all other grounds for objection on appeal." *Carter v. State*, 722 So. 2d 1258, 1261 (¶13) (Miss. 1998) (citation omitted). Sellers waived this issue by failing to present a coherent, timely motion to suppress.

¶4. Also, because Sellers failed to move to suppress the evidence, there was no

suppression hearing, and the exact circumstances surrounding the stop were not thoroughly explored at trial. It does appear that Sellers was subjected to a lengthier detention than others at the checkpoint, prior to the second officer obtaining reasonable suspicion to hold her, but this was never directly shown.

¶5. Notwithstanding Sellers's failure to preserve the issue, her argument appears to be without merit. Whether reasonable suspicion exists is reviewed de novo, but the factual determinations that underlay that question are subject to the more deferential substantial evidence standard. *Eaddy*, 63 So. 3d at 1212 (¶11). The DUI officer testified that he immediately noticed the smell of an intoxicating beverage that was "emitting" from the vehicle, and that Sellers was wearing a paper bracelet like the ones required by local establishments that serve alcohol. The odor of an alcoholic beverage is sufficient to establish reasonable suspicion for an investigatory stop. *Watts v. State*, 78 So. 3d 901, 904 (¶13) (Miss. 2012). These things were in plain sight (or smell, as it were), and the circuit court could have reasonably inferred that the first officer had also observed them moments before, giving him reasonable suspicion to detain Sellers for further investigation.

¶6. We conclude that the issue of the legality of the extended detention, assuming it occurred, was not properly preserved in the trial court. In the alternative, it appears to be without merit.

## 2. Cause to Order Breath Test

¶7. Sellers next argues that officers lacked sufficient cause to demand that she submit to

a breath test, which was ultimately administered and produced an incriminating result. The DUI officer testified that, in addition to smelling of alcohol, Sellers took and failed three field sobriety tests: Sellers demonstrated six of six clues on the horizontal gaze nystagmus test, four of eight clues on the walk-and-turn test, and two of four clues on the one-leg-stand test. Sellers attacks the way the tests were administered, the officers' recollection of one of the clues, and the like; but she presents only a single authority in support of her argument: *Holmes v. State*, 740 So. 2d 952 (Miss. Ct. App. 1999), which she erroneously argues entirely prohibits the use of horizontal gaze nystagmus test. This Court actually stated: "[T]he HGN test can still be used to prove probable cause to arrest and administer the intoxilizer or blood test." *Id.* at 956 (¶10) (quoting *Young v. City of Brookhaven*, 693 So. 2d 1355, 1360-61 (Miss. 1997)).

¶8. As Sellers has failed to support her other arguments with authority, the remaining contentions have been waived. *Corrothers v. State*, 148 So. 3d 278, 323 (¶130) (Miss. 2014).

### 3. Sufficiency of the Evidence

¶9. Finally, Sellers (apparently) contends that the evidence was insufficient to support her conviction, based on the testimony of her expert that she had not been intoxicated at the time she was driving. The expert employed "retrograde extrapolation" to explain that Sellers's blood-alcohol level had increased after she was stopped.

¶10. This issue has also been waived because it is entirely unsupported by authority. *Corrothers*, 148 So. 3d at 323 (¶130).

¶11. In the alternative, the circuit court, acting as the finder of fact, had "the prerogative to accept or reject, in whole or part, the testimony of any witness, expert or lay." *Smith v. State*, 925 So. 2d 825, 839 (¶33) (Miss. 2006). It could have rejected the expert's opinion for any number of reasons; but the most obvious would be the expert's admission that he reached his conclusion based on data provided to him by Sellers's attorney, and that he did not know its source. The expert did not independently verify the underlying data (i.e., how much alcohol Sellers consumed and when, how much she weighed, etc.), nor were these facts established by irrefutable proof at trial.

¶12. The circuit court did not err in rejecting the retrograde extrapolation defense. This issue was waived and, in the alternative, is without merit.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FINE OF $600 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.**