# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00144-SCT

*DOYLE RAY MIDDLETON, JR., a/k/a DOYLE MIDDLETON a/k/a DOYLE RAY MIDDLETON a/k/a DOYLE MIDDLETON, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/2024 |
| TRIAL JUDGE: | HON. MATTHEW GORDON SULLIVAN |
| TRIAL COURT ATTORNEYS: | COREY DANIEL GIBSON |
| | AMMIE THI NGUYEN |
| | JAD JAMAL KHALAF |
| | CHRISTOPHER DOUGLAS HENNIS |
| | CHRISTOPHER RANDALL PURDUM |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAD JAMAL KHALAF |
| | AMMIE THI NGUYEN |
| ATTORNEY FOR APPELLEE: | CHRISTOPHER RANDALL PURDUM |
| DISTRICT ATTORNEY: | CHRISTOPHER DOUGLAS HENNIS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/13/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., CHAMBERLIN AND SULLIVAN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This case is before the Court on interlocutory appeal. Doyle Middleton, Jr., seeks relief from the denial of his motion to dismiss his felony indictment on the basis of double jeopardy. Middleton has not been placed in double jeopardy because he has not sufficiently proved a prior conviction for the same offense. Therefore, we affirm the trial court's denial of Middleton's motion to dismiss.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On July 9, 2022, Officer Cody Moulds of the Magee Police Department made a traffic stop of a motorcycle with no tag. Officer Moulds asked the driver for his license, but the driver only had a state ID card identifying him as Doyle Ray Middleton, Jr. Officer Moulds asked Middleton if he had anything illegal and if he could search his person. Middleton replied that he did not have anything illegal and consented to the search. Officer Moulds found a "baggy containing a crystal-like substance" when he searched Middleton. Officer Moulds issued Middleton two tickets, one for an expired tag and another for misdemeanor possession of a controlled substance. Officer Moulds took Middleton into custody.

¶3.     According to the State, Officer Moulds placed the bag with the crystal-like substance into the evidence vault. Investigator Josh Bryant later observed the bag and determined that it contained a felony amount of narcotics, and he sent it to the crime lab for testing on July 14, 2022.

¶4.     Meanwhile, the clerk had placed the tickets on the docket at the Magee Municipal Court. According to the "Court Case Report" from the Magee Municipal Court, Middleton was given a court date of August 2, 2022, for the tickets. Middleton failed to appear on his court date, and the clerk of the court sent him two form letters on August 8, 2022. The letters stated that the court was holding tickets against him for possession of a controlled substance and an expired tag. The form letters further stated that the court had determined fines in the amount of $649 and $216 for each respective ticket and that "a Bench Warrant [would] be issued by the Court for [Middleton's] arrest if the amount [was] not received by the Court

within 90 days[.]"

¶5.     The "Court Case Report" indicates that Middleton failed to appear or pay the fines by January 24, 2023, so the court issued another form letter to Middleton to notify him of the suspension of his license. The court also issued a bench warrant for Middleton's failure to appear. Finally, the "Court Case Report" indicates that on September 12, 2023, a disposition to hold the expired tag case in abeyance was entered. There is not a similar disposition entry in the "Court Case Report" for Middleton's case number associated with the possession of a controlled substance.

¶6.     On September 5, 2023, a Simpson County grand jury indicted Middleton for felony possession of methamphetamine in violation of Mississippi Code Section 41-29-139(c)(1)(C) (Supp. 2022). The date the offense occurred was identified as July 9, 2022, the same day that Middleton was stopped by Officer Moulds. On November 16, 2023, Middleton filed a motion to dismiss the indictment on the basis of double jeopardy. Middleton argued that the municipal court had already found him guilty of misdemeanor possession of a controlled substance; therefore, he could not be indicted for the greater offense of felony possession for the same crime because it constituted double jeopardy in violation of the Fifth Amendment to the United States Constitution as well as the Mississippi Constitution. On January 22, 2024, the circuit court held a hearing on Middleton's motion to dismiss and denied the motion. The judge found that the municipal court had never found Middleton guilty of an offense, so double jeopardy had not attached.

¶7.     Middleton sought permission to file an interlocutory appeal in this Court. This Court

granted Middleton's petition for interlocutory appeal on February 27, 2024.

**STANDARD OF REVIEW**

¶8.     "We apply a *de novo* standard of review to claims of double jeopardy." ***Kelly v. State***, 80 So. 3d 802, 804 (Miss. 2012) (internal quotation marks omitted) (quoting ***Boyd v. State***, 977 So. 2d 329, 334 (Miss. 2008)). "[A] conviction can withstand [a] double-jeopardy analysis only if each offense contains an element not contained in the other." ***Id.*** (alterations in original) (internal quotation marks omitted) (quoting ***Boyd***, 977 So. 2d at 334).

**DISCUSSION**

¶9.     Middleton argues that the felony indictment violates his Fifth Amendment protection against double jeopardy and that it should be dismissed with prejudice. The prohibition against double jeopardy "assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." ***Kelly***, 80 So. 3d at 805 (citing ***United States v. Dixon***, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993)). Middleton argues that his felony indictment constitutes a second prosecution for the same offense after a conviction.

¶10.    Middleton relies on ***Bennett v. State***, 528 So. 2d 815 (Miss. 1988), for his argument that double jeopardy attached. In that case, Bennett, while driving under the influence, was involved in a car crash that resulted in serious injuries to the driver of the other vehicle. ***Id.*** at 816. The same day, Bennett was charged with "misdemeanor driving under the influence of alcohol and driving with a suspended driver's license[.]" ***Id.*** Bennett was arrested and

4

posted bail in the amount of six hundred dollars. *Id.* at 816, 819. He was later found guilty in absentia of both charges, forfeiting his bail for his failure to appear. *Id.* Around one month later, "a felony warrant was issued for Bennett charging him with 'permanently disfiguring or maiming the body of Jackie A. Gault in an automobile accident while driving under the influence of alcohol.'" *Id.* at 816. Bennett was indicted and convicted for the felony charge, and he appealed on the basis of double jeopardy. *Id.* at 817. This Court agreed that double jeopardy had indeed attached, holding that "[w]ith the forfeiture of this money, a sentence of guilty was entered into the docket and this constitutes a conviction of the misdemeanor charge of driving under the influence. . . . Therefore, Mr. Bennett's misdemeanor conviction bars the subsequent trial for felonious D.U.I." *Id.* at 819 (citing *Thigpen v. Roberts*, 468 U.S. 27, 104 S. Ct. 2916, 82 L. Ed. 2d 23 (1984)).

¶11. Middleton argues that he "was found guilty . . . when the Municipal Court determined that the fine for possession of a controlled substance . . . would be $649.00." Because the misdemeanor charge of possession of a controlled substance is a lesser-included offense of felony possession of methamphetamine, Middleton argues that he cannot now be charged with and convicted of felony possession because double jeopardy attached. *See Bennett*, 528 So. 2d at 819 (quoting *Illinois v. Vitale*, 447 U.S. 410, 421, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980)).

¶12. In response, the State argues that Middleton was not found guilty and convicted by the municipal court because it lacked jurisdiction to adjudicate a case for felonious possession of methamphetamine. The State argues that the circuit court has sole jurisdiction

5

to hear felony cases, so even if Middleton was convicted in the municipal court, that conviction would not trigger double jeopardy since the municipal court lacked jurisdiction to adjudicate the case.

¶13.    The State likens this case to *Levario v. State*, 90 So. 3d 608 (Miss. 2012). In that case, Levario, the defendant, was involved in a car crash resulting in the death of another person. *Id.* at 609. Levario was issued a traffic ticket at the scene for driving under the influence. *Id.* Two days later, Levario was also charged with felony DUI Causing Death. *Id.* at 609-10. Levario pled not guilty to the felony charge and was convicted of felony DUI in justice court. *Id.* at 610. The justice court ordered Levario to pay a fine and attend remedial classes for alcohol safety education. *Id.* A few months later, the State filed a motion to set aside Levario's conviction in the justice court, "arguing that the justice court had no jurisdiction to accept Levario's guilty plea on the charge of felony DUI Causing Death." *Id.* The justice court subsequently set aside the conviction, and Levario was indicted for felony DUI Causing Death in the circuit court. *Id.* Levario's motion to dismiss the indictment based on double jeopardy was denied, and he appealed. *Id.* Noting that the justice court lacked jurisdiction over felony charges, this Court held that Levario could not have been placed in double jeopardy from a conviction in a court that lacked jurisdiction over the charge. *Id.* at 611 (quoting *Watts v. State*, 78 So. 3d 901, 903 (Miss. 2012)). Therefore, double jeopardy had not attached, and the State was free to pursue the felony indictment in the circuit court. *Id.* at 612.

¶14.    The State argues that the municipal court in this case, like the justice court in *Levario*,

6

lacked jurisdiction to adjudicate a charge of felony possession. Therefore, the State argues, any conviction from the municipal court would have been void since the alleged crime was felonious; thus, the municipal court lacked jurisdiction. Middleton, however, was never charged with a felony in the municipal court, and the municipal court only addressed misdemeanor charges: possession of a controlled substance and driving with an expired tag. The municipal court had jurisdiction over the charges from the traffic tickets that were submitted to it. *See* Miss. Code Ann. § 21-23-7(1) (Supp. 2024). Further, Middleton's charge for felony possession was never before the municipal court, nor was it ever adjudicated by the municipal court. The State's reliance on ***Levario*** is misplaced.

¶15.    Although the municipal court had jurisdiction over the traffic ticket charges, no evidence in the record demonstrates that Middleton was convicted for the misdemeanor possession for double jeopardy to attach in this case. Middleton asserts that the form letter he received from the municipal court stating the determined amount of the fine for his misdemeanor possession charge constituted a conviction in absentia, thereby analogizing his case to ***Bennett***. There is no evidence, however, that Middleton ever paid this fine or that the determination of the amount of the fine constituted a conviction for the misdemeanor possession charge. Nor is there any disposition indicating a conviction in the record. It is also worthy to note that, pursuant to Mississippi Rule of Criminal Procedure 10.1(b)(2)(B), Middleton could not waive his right to be present at the proceedings because the potential punishment for misdemeanor possession included jail time. *See* Miss. Code Ann. § 41-29-139(c)(1)(A) (Supp. 2022). Therefore, the court could not adjudicate Middleton's case in his

absence.

¶16.    "Under the plain wording of Article 3, § 22, in order for this state's Double Jeopardy Clause to apply the accused must first suffer an actual acquittal *or* conviction on the merits of the offense." *State v. Fleming*, 726 So. 2d 113, 115 (Miss. 1998). In the present case, no evidence was presented that the municipal court acquitted or convicted Middleton of misdemeanor possession. Middleton is mistaken in asserting that the letter informing him of the fine amount to clear the charge and avoid a warrant for failure to appear constitutes sufficient proof of a conviction. The letter did not adjudicate Middleton guilty; instead, it simply identified the amount of money he could pay to settle the ticket. Furthermore, the "Court Case Report" only recorded "dispositions" for the case when the court sent Middleton the letter informing him of the fine amount, followed by a "failure to appear" and "warrant issued" on January 24, 2023. It never listed a guilty disposition, nor did it ever indicate Middleton paid any fine. Therefore, Middleton has failed to present "a prima facie nonfrivolous claim" of a prior conviction for the same offense that would bar his current felony indictment under double jeopardy. *United States v. Stricklin*, 591 F.2d 1112, 1117-18 (5th Cir. 1979) (holding that a defendant must first present a prima facie nonfrivolous claim of double jeopardy before the burden shifts to the government to show "that the indictments charge separate crimes"); *United States v. Rabhan*, 628 F.3d 200, 204-05 (5th Cir. 2010).

### CONCLUSION

¶17.    Middleton has not been placed in double jeopardy because he has failed to present evidence of a conviction for possession of a controlled substance by the municipal court.

8

Therefore, the trial court's denial of the motion to dismiss is affirmed.

¶18.    **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**